### GUARANTEE TITLE & TR. CO. v. OFFENBACHER.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1626. Decided Dec. 23, 1927.

First Publication of this Opinion.
Syllabus by Editorial Staff.

**1040. RESTRICTIONS.**

1. In provisions that "no barn nor other buildings shall be constructed nearer the street line of any side street in said addition than 20 feet," word "building" held to relate to buildings other than residences and to include business building.

2. Provisions that "not more than one building for residence purposes shall be constructed upon any one lot in said addition except upon corner lot" should be confined to restriction against extending right to lot owner to build second residence upon same lot.

3. Plaintiff not estopped from enforcing restriction in one section of allotment where breaches in other section are not detrimental to property in section where restrictions are sought to be enforced.

**1295. ZONING ORDINANCES.**

Where zoning ordinance, adopted after filing of deed which contained building restrictions, establishes lot in business district, such ordinance does not effect restriction as to building.

Heard on appeal.
Injunction granted.

Luther L. Boger, Columbus, for Guar. Title & Tr. Co.

Beatty & Albietz, Columbus, for Offenbacher.

FULL TEXT.

ALLREAD, J.

This action involves a consideration of the following clause contained in the title deeds:

"That no building or dwelling house shall be constructed on any lot or lots in said addition fronting on Cleveland Avenue nearer than 25 feet from the first front line thereof, except that there may be open porches so constructed as not to obstruct the view; that not more than one building for residence purposes shall be constructed upon any one lot in said addition, except upon corner lots; and that no dwelling house shall be constructed nearer the street line of any side street in said addition than 10 feet, and no barn nor other building shall be constructed nearer the street line of any side street in said addition than 20 feet."

The defendant, Charles F. Offenbacher, contemplates and has begun the erection of a building upon the rear part of said lot and proposes to locate it there in violation of said restriction. The last clause in the restriction that "no barn or other building shall be constructed nearer the street line of any side street in said addition than 20 feet" is particularly involved. The learned counsel for the defendant insists first, that the word "buildings" in this clause relates to outbuildings, and second, that the body of the restriction does not apply to corner lots, and third that whatever virtue there is in those building restrictions, the same have been superseded by the zoning ordinance.

As to the first proposition we are of opinion that the word "buildings" as used in these restrictions relates to buildings other than residences and would include a business building.

In respect to the second objection we are clear that the words "except corner lots" apply only to the particular clause where this exception appears, and that the exception should be confined to the restriction against extending the right to the lot owner to build a second residence upon the same lot. In the case at bar the defendant undoubtedly has the right to build the building referred to, but we hold that he can not so build it as to violate the subsequent restriction, that, is upon the 20 feet next to the street line. It is also urged that the plaintiff is estopped from enforcing the restriction by reason of other breaches of these restrictions permitted, but it nowhere appears that any of these restrictions are detrimental to property owners of this particular section. Consequently the plaintiff is not barred from insisting upon the particular restrictions herein referred to.

The third objection relates to the zoning ordinance. This ordinance has been adopted since the deeds were recorded and establishes Lot 9 in the business district. We can not see that such action of the council would in any wise affect the restrictive covenants of the deed as to buildings. It therefore follows that the restrictive covenant must be enforced and an injunction will be issued accordingly.

(Ferneding and Kunkle, JJ., concur.)